Dick Harris
Law Office of Dick Harris, P.C.
P.O. Box 3835
Abilene, TX  79604
Telephone (325) 677-3311
Telecopy (325) 677-3314
State Bar No. 09056200
Email:  dharris_law_firm@swbell.net

Attorney for Nancy Vaughn Edwards, Darlene
Vaughn King, and James Buster King, Jr.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BURT LEE BURNETT** | § | **CASE NO. 17-42678-RFN-7** |
| | § | |
| **DEBTOR** | § | |

| | | |
|---|---|---|
| **NANCY VAUGHN EDWARDS,** | § | |
| **DARLENE VAUGHN KING, AND** | § | |
| **JAMES BUSTER KING, JR.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. _____** |
| | § | |
| **BURT LEE BURNETT** | § | |
| **Defendant** | § | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

NOW COME Nancy Vaughn Edwards, Darlene Vaughn King, and James Buster King, Jr.,

Plaintiffs, and file this original Complaint to Determine Dischargeability of Debt and in support

thereof would respectfully show the Court as follows:

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT - Page 1 of 9**

## PARTIES

1.      Plaintiffs are individuals who reside in Callahan County, Texas.

2.      Defendant is Burt Lee Burnett, an individual who may be served with process at 24 Winged Foot Circle, Abilene, Texas 79606.   A copy of the Summons and Complaint will also be served on Defendant's bankruptcy attorney, Areya Holder Aurzada, by ECF and/or by First Class Mail, postage prepaid, at Holder Law, 800 West Airport Freeway, Suite 800, Irving, Texas 75062.

## JURISDICTION

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523.   This is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §157(b)(2)(A), (B), (I), and (O).

## FACTUAL BACKGROUND

4.      Defendant is the Debtor in Case No. 17-42678-RFN-7 now pending before this Court.   Defendant originally filed his Petition under Chapter 11 on June 30, 2017.   That case was converted to Chapter 7 by Order of this Court on September 7, 2017.   The last day for Plaintiff to file a complaint to determine dischargeability is March 12, 2018 pursuant to the terms of the Agreed Order Granting Joint Agreed Motion To Extend Deadline To Object To Dischargeability Of The Debts Of The Debtor (Doc 114) entered herein.

5.      For several years prior to 2017, Defendant was a practicing attorney with an office in Abilene, Taylor County, Texas.   At times, Defendant conducted his practice under the name The Burnett Law Firm, PLLC.   Defendant's law practice concentrated primarily on personal injury cases.

6.     On or about July 3, 2012, Plaintiffs were seriously injured in an automobile accident.   On or about July 8, 2012, Plaintiffs entered into a contract with Defendant for legal representation seeking recovery of damages for their injuries in the automobile accident. Defendant represented all of the Plaintiffs and instituted litigation on Plaintiffs' behalf against the tortfeasor and the underinsured motorist insurance carrier.   Causes of action were plead and filed against the underlying tortfeasor along with claims against Plaintiffs' own automobile insurance carrier for payment of claims of underinsured motorist coverage under the applicable automobile insurance policy.

7.     On November 12, 2012, the underlying tortfeasor settled with Plaintiffs in exchange for payment to Plaintiffs of $995,802.06 ("Settlement Proceeds").   The check for the Settlement Proceeds was endorsed and deposited into Defendant's IOLTA trust account as per the instructions of Defendant.   Defendant mishandled the claims against the underinsured motorist coverage and Plaintiffs received no recovery for those claims.

8.     Despite numerous requests and demands by Plaintiffs, Defendant has failed and refused to pay the Settlement Proceeds to Plaintiffs, except for one $50,000.00 payment.

9.     In January, 2017, after over four years of waiting, Plaintiffs filed suit against Defendant in the Taylor County District Court.   A copy of Plaintiffs' Original Petition, Request for Disclosure, and Request for Production ("Original Petition") is attached hereto as Exhibit "A". Plaintiffs adopt and incorporate the allegations set forth in the Original Petition as if set out in full herein.

10.     As set forth in Exhibit "A", Plaintiffs have plead causes of action for negligence, negligence *Per Se,* gross negligence, breach of fiduciary duty, violation of the Texas Deceptive

Trade Practices Act, breach of contract, and vicarious liability. Despite having filed a lawsuit seeking payment of the Settlement Proceeds, Defendant continued to refuse pay the Settlement Proceeds to Plaintiffs.

11.     Damages and relief sought by Plaintiffs and plead for in the Original Petition include an accounting, actual damages, loss of use, treble damages as provided by the Texas Deceptive Trade Practices Act, forfeiture of attorney's fees, mental anguish damages, punitive damages, and recovery of attorney's fees.

12.     At the §341 meeting in this case and at a Rule 2004 examination, Defendant acknowledged that Plaintiffs' Settlement Proceeds were no longer on deposit in his IOLTA trust account and Defendant has refused to account, or been unable to account, for the Settlement Proceeds.  Defendant's schedules reveal that at least 24 other clients, along with numerous medical providers, were also deprived of payment from settlements in other cases being handled by Defendant.

13.     Despite several requests and an Agreed Order for a 2004 examination, Defendant has failed to produce bank statements for years 2012 through 2015 which might show the disposition of Plaintiffs' Settlement Proceeds.

14.     Bank statements that were produced by Defendant, for 2016 and 2017, show that Defendant was paying expenses for his cattle operation, travel, entertainment, and other personal expenses from his IOLTA trust account.

## FIDUCIARY RELATIONSHIP

15.     Pursuant to Article IX of the Texas Disciplinary Rules of Professional Conduct and other applicable law, Defendant was an express fiduciary for Plaintiffs' Settlement Proceeds.

The Defendant's conduct in this case constituted a violation of Texas Disciplinary Rules of Professional Conduct Rule 1.14 and Texas Penal Code §32.45. As their attorney, a fiduciary relationship existed between Plaintiffs and Defendant and Defendant violated that relationship. Defendant owed Plaintiffs the utmost duty of care and Defendant breached that duty by failing to safeguard and protect the Settlement Proceeds and by failing and refusing to account for and pay those Settlement Proceeds to Plaintiffs.

## FORFEITURE OF ATTORNEY'S FEES

16. Pursuant to the Texas Supreme Court case of Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999), and the many other cases that have followed it, an attorney who breaches his fiduciary duty to his client, forfeits his right to a contractual contingent fee. Therefore, Defendant owes Plaintiffs the entire amount of the Settlement Proceeds, with credit for only the $50,000.00 actually paid to Plaintiffs.

## DAMAGES

17. Plaintiff's damages which are non-dischargeable consist of treble the amount of economic damages, forfeiture of attorney's fees, mental anguish, and attorney's fees incurred by Plaintiffs due to Defendant's wrongdoing. The damages are summarized as follows:

Economic damages:

| | |
|---|---|
| $ 547,481.24 | Settlement Proceeds, less 40% contingency and $50,000.00 payment |
| $ 120,948.19 | Loss of use of $547,481.24 for 5 years |
| $ 668,429.42 | Total economic damages |

| | |
|---|---|
| $ 2,005,288.27 | Treble economic damages as per the Texas DTPA |
| $ 398,320.82 | Forfeiture of contingent attorney's fees |
| $ 500,000.00 | Mental anguish |
| $ 2,903,609.09 | Non-dischargeable damages |

Attorney's fees to be determined by the Court

## CAUSE OF ACTION PURSUANT TO 11 U.S.C. §523(a)(2)(A)

18.    The allegations made in Paragraphs 1 through 17 are incorporated herein by reference as if fully set forth herein.

19.    Defendant obtained money from or wrongfully retained money owed to Plaintiffs through false pretenses, false representations, and actual fraud.

20.    Defendant received settlement proceeds that were property of Plaintiffs and deposited such proceeds into his law firm's IOLTA trust account to be held in trust for Plaintiffs. Defendant made numerous false statements and representations to Plaintiffs that the proceeds were being held in trust and would be disbursed to Plaintiffs after Defendant had completed work on related matters.    However, despite all related matters having been completed, including a jury trial over the underinsured motorist coverage, Defendant never disbursed the Settlement Proceeds to Plaintiffs.    Defendant obtained and spent the Plaintiffs' money, or allowed others to do so, has hidden or diverted the Settlement Proceeds, and has failed to account to Plaintiffs for the proceeds.    Defendant's actions have proximately caused loss and/or other damage to Plaintiffs as more fully set out in Exhibit "A" and Plaintiffs' claim filed in this bankruptcy.

21.    As a direct and proximate result of Defendant's false representations, Plaintiffs suffered damages in the amount of $ 2,903,609.09 as set out above and such indebtedness is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

## CAUSE OF ACTION PURSUANT 11 U.S.C. §523(a)(4)

22.    The allegations made in Paragraphs 1 through 17 are incorporated herein by reference as if fully set forth herein.

23.     Defendant had an obligation to pay Plaintiffs from the proceeds received from the settlement of their lawsuit.

24.     Rather than pay Plaintiffs the amounts they were due, Defendant deliberately and intentionally diverted the proceeds from the settlement of their lawsuit and has failed and refused to account for such proceeds.   As a result of Defendant's actions, Plaintiffs did not receive payment to which they were entitled.

25.     By his actions, Defendant fraudulently and intentionally misappropriated Settlement Proceeds to which Plaintiffs were entitled and had entrusted Defendant to retain in his IOLTA trust account.   As a result, all amounts due and owing to Plaintiffs by Defendant, as set out above, are the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny and are non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

## CAUSE OF ACTION PURSUANT TO 11 U.S.C. §523(a)(6)

26.     The allegations made in Paragraphs 1 through 17 are incorporated herein by reference as if fully set forth herein.

27.     Defendant knowingly and intentionally diverted or caused to be diverted the Settlement Proceeds owned by Plaintiffs and to which Plaintiffs were entitled, and Defendant failed to ensure that such Settlement Proceeds were paid to Plaintiffs.

28.     By his actions, Defendant willfully and maliciously deprived Plaintiffs of payment from the Settlement Proceeds to which Plaintiffs were entitled.

29.     The indebtedness owed to Plaintiffs by Defendant is a direct and proximate result of willful and malicious injury by Defendant to Plaintiffs and, therefore, is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

## REQUEST FOR ATTORNEY'S FEES

30.     The allegations made in Paragraphs 1 through 29 inclusive are incorporated herein by reference as if fully set forth herein.

31.     Plaintiffs request recovery of reasonable attorney's fees for bringing this action.

## LEAVE TO AMEND

32.     Defendant has not fully responded to discovery and Plaintiffs' Complaint is based upon the information that Plaintiffs have so far been able to obtain.    Plaintiffs request the Court to allow them to amend should new information become available.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Nancy Vaughn Edwards, Darlene Vaughn King, and James Buster King, Jr., Plaintiffs in this case, prays that:

a.     The Court find that the damages owed to Plaintiffs are non-dischargeable pursuant to 11 U.S.C. §§523(a)(2)(A), (4), and (6) and enter a judgment of non-dischargeability;

b.     The Court award Plaintiffs prejudgment and postjudgment interest;

c.     The Court award Plaintiffs reasonable attorney's fees, expenses and costs; and

d.     The Court award such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF DICK HARRIS, P.C.
POST OFFICE BOX 3835
ABILENE, TEXAS   79604
TELEPHONE (325) 677-3311
TELECOPY (325) 677-3314
EMAIL:   dharris_law_firm@swbell.net

By:  /s/   Dick Harris
    DICK HARRIS
    State Bar No. 09056200


   /s/   Brett Wagner
BRETT WAGNER (SBT: 20654270)
brett@dwlawyers.com
DOHERTY * WAGNER
13810 Champion Forest Drive, Suite 225
Houston, Texas   77069
(281) 583—8700   -   (281) 53-8701 (FAX)


HANNA LAW FIRM, P.C.
302 Chestnut Street
Abilene, Texas   79602
325-673-6952
325-673-4496

By:  /s/   Jon Hanna
    JON HANNA
    State Bar No. 08919200


Attorneys for Nancy Vaughn Edwards,
Darlene Vaughn King, and James Buster
King, Jr., Plaintiffs

Filed 1/3/2017 2:05:03 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. 49619-A

| | | |
|---|---|---|
| NANCY VAUGHN EDWARDS, DARLENE VAUGHN KING, AND JAMES BUSTER KING, JR. | § | IN THE DISTRICT COURT |
|     Plaintiffs | § | |
| | § | |
| V. | § | OF TAYLOR COUNTY, TEXAS |
| | § | |
| THE BURNETT LAW FIRM, PLLC AND BURT L. BURNETT, INDIVIDUALLY | § | Taylor County - 42nd District Court |
|     Defendants | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURE AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **Nancy Vaughn Edwards, Darlene Vaughn King and James Buster King, Jr.**, Plaintiffs, complaining of **The Burnett Law Firm, PLLC and Burt L. Burnett, Individually**, Defendants, and would respectfully show as follows:

### I. DISCOVERY CONTROL PLAN

Based upon this Petition, this case should be controlled by Discovery Control Plan Level 2 pursuant to the Texas Rules of Civil Procedure, Rule 190.3.

### II. CLAIM FOR RELIEF

Plaintiffs seek monetary relief over $1,000,000.00.

### III. PARTIES

Plaintiff, Nancy Vaughn Edwards, is a Texas resident residing in Callahan County, Texas. The last three digits of her social security number are 987.

Plaintiff, Darlene Vaughn King, is a Texas resident residing in Callahan County, Texas. The last three digits of her social security number is 672.

---

NANCY VAUGHN EDWARDS, DARLENE VAUGHN KING AND JAMES BUSTER KING, JR.
V. THE BURNETT LAW FIRM PLLC AND BURT L. BURNETT, INDIVIDUALLY
PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURES
AND REQUESTS FOR PRODUCTION           PAGE 1 OF 11



EXHIBIT "A"

Plaintiff, James Buster King, Jr., is a Texas resident residing in Callahan County, Texas. The last three digits of his social security number is 205.

Defendant, The Burnett Law Firm PLLC, is a professional limited liability corporation doing business as a law firm in and around the State of Texas. Said Defendant may be served with citation by serving its registered agent for service, Burt L. Burnett, 342 Cedar Street, Abilene, Taylor County, Texas 79601.

Defendant, Burt L. Burnett, is a resident of Taylor County, Texas and may be served with citation at this place of employment, The Burnett Law Firm PLLC, 342 Cedar Street, Abilene, Taylor County, Texas.

## IV. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the controversy because the claims asserted in this Petition arose, in whole or in part, in Taylor County, Texas and the amount in controversy exceeds the minimal jurisdictional limits of the court.

This Court has personal jurisdiction over each Defendant because the acts and omissions complained of herein occurred in Taylor County, Texas, each Defendant does business in the State of Texas, has committed a tort, in whole or in part in Texas, and is a resident and citizen of Taylor County, Texas.

Venue is properly laid in Taylor County, Texas because all or a substantial part of Plaintiffs' causes of action arose in Taylor County, Texas. Further, Paragraph 15 of Plaintiffs' Attorney Contingent Fee Contract with Defendants sets the "[V]enue for any disputes concerning or arising under this contract and/or concerning the legal services and financial obligations described herein shall be in a court of competent jurisdiction in Taylor County, Texas only."

## V. FACTS

Plaintiffs, Nancy Vaughn Edwards, Darlene Vaughn King, and James Buster King, Jr., were injured in an auto accident on July 3, 2012. Plaintiffs entered into a contract with Defendants on July 8, 2012 for legal representation seeking recovery of damages for their injuries suffered in that auto accident. Because the third party insurance of the underlying tortfeasor(s) was insufficient to cover all Plaintiffs' damages, Defendants also represented *all* Plaintiffs in a claim against State Farm Mutual Automobile Insurance Company, Plaintiffs' underinsurance carrier. Despite glaring conflicts of interest, Defendants brought suit on behalf of *all* Plaintiffs against the underlying tortfeasor(s) *and* underinsurance carrier in the same suit. Defendants did not advise, warn, or otherwise inform Plaintiffs regarding any aspect of the conflicts of interest posed by Defendants' representation and litigation strategy.

The underlying tortfeasor(s) settled with Plaintiffs on November 12, 2012, in exchange for payment to Plaintiffs of $995,802.06. Although the underinsurance carrier offered to settle with Plaintiffs for $50,000.00, Defendants advised against settlement. The underinsurance claim proceeded to trial and resulted in a verdict from which netted Plaintiffs no recovery.

Since settling Plaintiffs' claims against the underlying tortfeasor(s) and passing up a reasonable settlement opportunity to obtain a hollow verdict in the underinsurance claim, Defendants have failed and/or refused to fully disburse Plaintiffs' recoveries to them despite often repeated requests and/or demands that Defendants do so. As of the date of filing of this petition, it will have been almost five years since Plaintiffs' settlement with the underlying tortfeasor(s) was reached and monies tendered to Defendants, yet Defendants have negligently failed, refused, and/or otherwise been unable to timely make full disbursements to Plaintiffs.

## VI. STATEMENT OF CLAIMS

Therefore, it has become necessary to bring this suit to collect a legal debt of money damages owing to Plaintiffs due to the Defendants' actions. The Defendants' actions constitute negligence, negligence *per se*, gross negligence, negligent misrepresentation, breach of fiduciary duty, violates the Texas Deceptive Trade Practices Act, fraud, fraudulent inducement and constructive fraud as those terms are understood in law.

### A. NEGLIGENCE

The following errors and/or omissions by Defendants in the underlying representation constitutes negligence:

- Failing to properly represent Plaintiffs with respect to Medicare liens;
- Failing to adequately and timely communicate with Plaintiffs regarding the status of their recovery;
- Failing to properly handle Plaintiffs' settlement proceeds;
- Failing to inform Plaintiffs of conflicts of interest;
- Failing to avoid conflicts of interest in representation of Plaintiffs; and
- Failing to properly represent Plaintiffs in first party insurance litigation

Of course, nothing Plaintiffs did, or failed to do, caused or in any way contributed to cause the occurrences that resulted in losses and damages to Plaintiffs. On the contrary, the Defendants fell below the standard of care for attorneys practicing law in Texas, and thus, Defendants' conduct was a proximate and/or producing cause of Plaintiffs' losses and damages.

### B. NEGLIGENCE *PER SE*

A violation of statutes establishing required conduct or a standard of care is negligence *per se*. At all times material to the causes of action asserted herein, the Defendants' conduct was regulated by the Article IX, Texas Disciplinary Rules of Professional Conduct and other applicable Texas statutes.

Specifically, the Defendants' conduct constitutes a violation of the following sections of

the Texas disciplinary Rules of Professional Conduct:

## TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT

**RULE 1.14      SAFEKEEPING PROPERTY**

(b)  . . . a lawyer shall promptly deliver to the client or third person any funds
or other property that the client or third person is entitled to receive and
upon request by the client or third person, shall promptly render a full
accounting regarding such property.

(c)  When in the course of representation a lawyer is in possession of funds or
other property in which both the lawyer and another person claim
interests, the property shall be kept separate by the lawyer until there is an
accounting and severance of their interest.

Defendants' conduct also constitutes a violation of the following section of the Texas

Penal Code:

## TEXAS PENAL CODE

**SEC. 32.45     MISAPPLICATION OF FIDUCIARY PROPERTY OR PROPERTY OF
FINANCIAL INSTITUTION**

(b)  A person commits an offense if he intentionally, knowingly, or recklessly
misapplies property he holds as a fiduciary or property of a financial
institution in a manner that involves substantial risk of loss to the owner of
the property or to a person for whose benefit the property is held.

Plaintiffs' entrusted their settlement recoveries to Defendants as their fiduciary and

Plaintiffs are members of the class of persons for which these statutes were meant to protect;

clients of attorneys holding funds or other property in trust. Defendants have violated these

statutes by failing to properly account for Plaintiffs' recoveries, recklessly failing to maximize

the benefit of such recoveries before disbursement to Plaintiffs, failing to disburse recoveries to

Plaintiffs, and recklessly withholding disbursement to Plaintiffs.

### C. GROSS NEGLIGENCE

Defendants' intentional, malicious, willful, conscious, and/or reckless disregard for Plaintiffs' claims, rights and interests as outlined above constitutes gross negligence for which Plaintiffs herein sue.

### E. BREACH OF FIDUCIARY DUTY

Plaintiffs will show that a fiduciary relationship existed in this case because (i) Defendants were acting as lawyers for Plaintiffs during the time that Defendants represented Plaintiffs as a result of injuries and damages sustained in an automobile accident that occurred on July 3, 2012; and/or (ii) the relationship was one of a confidential nature. Thus, Defendants owed Plaintiffs the utmost duty of care, free from any deception or misrepresentation no matter how slight. Additionally, Plaintiffs will show that Defendants owed Plaintiffs the following duties:

1. Duty of loyalty, honesty, and utmost good faith.

2. Duty of candor.

3. Duty to act with integrity of the strictest kind.

4. Duty of fair, honest dealing.

5. Duty to represent Plaintiffs with undivided loyalty.

6. Duty to act with absolute perfect candor, openness, honesty, and without any concealment or deception, no matter how slight.

7. Duty to avoid any conflict of interest.

8. Duty to properly and fully disclose conflicts of interest.

9. Duty to advise Plaintiffs to seek outside counsel to approve or otherwise advise regarding the common representation.

Defendants breached the foregoing fiduciary duties owed to Plaintiffs by their conduct stated herein.

### F.    DTPA VIOLATIONS

Plaintiffs will show that Defendants are liable under the Texas Deceptive Trade and Practices Act (hereinafter "DTPA") because (i) Plaintiffs were consumers, (ii) Defendants violated specific provisions of the DTPA, and (iii) the violation was a producing cause of the Plaintiffs' injury.

Pursuant to *Latham v. Castillo*, 972 S.W.2d 66, 68 (Tex. 1998), an express misrepresentation constitutes an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion, and thus violates Section 17.49(c)(3) of the DTPA. Plaintiffs herein allege that to the extent Defendants have expressly misrepresented the necessity of and reasons for withholding disbursement of their settlement proceeds for a period of almost five years, same is actionable under the applicable provisions of the DTPA.

### G.    BREACH OF CONTRACT

Plaintiffs and Defendants are parties to a contract pursuant to which Defendants provided legal services dated July 8, 2012. That contract requires provides that Plaintiffs' shall receive the total settlement proceeds less attorneys' fees and expenses. Although demand has previously been made, Defendants have breached the contract by steadfastly refusing to pay Plaintiffs' pursuant to the contract. Plaintiffs have been damaged by the loss of those funds, interest thereupon, and fees incurred to bring this lawsuit to recover their recovery from their former attorneys.

**H. VICARIOUS LIABILITY**

Plaintiffs herein plead vicarious liability under the doctrine of respondeat superior. At all times material, Burt L. Burnett was a member of The Burnett Law Firm PLLC and acting within the course and scope of his employment and/or affiliation with The Burnett Law Firm PLLC. Therefore, The Burnett Law Firm PLLC is vicariously liable under the doctrine of respondeat superior for all acts, omissions and conduct of Defendant, Burt L. Burnett alleged herein.

## VI. DAMAGES & REMEDIES

Plaintiffs hereby demand that Defendant tender to Plaintiffs all appropriate sums due and owing to Plaintiffs as a result of the settlement in the amount of $995,802.06, with Jessie Wayne Kennedy, Nicolae Cretu and Transylvania Express on November 12, 2012.

**A. ACCOUNTING**

Plaintiffs hereby demand Defendants provide a full accounting of all recoveries received by Defendants on behalf of Plaintiffs and/or received by Defendants by virtue of their legal representation of Plaintiffs. Plaintiffs demand that any such accounting include any and all transactions with respect to Defendants' attorney's trust account from the date the $995,802.06 was rendered in settlement of Plaintiffs' claims against Jessie Wayne Kennedy, Nicolae Cretu and Transylvania Express to present.

**B. ACTUAL DAMAGES**

Regarding the causes of action and conduct alleged above, Plaintiffs sustained pecuniary losses that were proximately caused by Defendants' conduct. Plaintiffs' actual damages exceed the minimum jurisdictional limits of this Court.

**C.    TREBLE DAMAGES**

Plaintiff seeks a money judgment as allowed by the DTPA, including treble damages.

**D.    FEE FORFEITURE**

Due to the egregious nature of Defendants' breach of fiduciary duty as outlined above, Plaintiff is entitled to disgorge the fees paid or due to Defendants, thus, Plaintiff hereby seeks fee forfeiture.

**E.    PUNITIVE DAMAGES**

Punitive damages may also be assessed herein because of Defendants' malice, as that term is defined at law, *i.e.*:

"Malice" means: (a) a specific intent by a defendant to cause substantial injury to a plaintiff; or (b) an act or omission by a defendant, (i) which, when viewed objectively from the standpoint of a defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) of which a defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. (PJC 110.33).

"Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages. In determining the amount of exemplary damages, you should consider evidence, if any, relating to: (a) the nature of the wrong; (b) the character of the conduct involved; (c) the degree of culpability of the wrongdoer; (d) the situation and sensibilities of the parties concerned; (e) the extent to which such conduct offends a public sense of justice and propriety; and (f) the net worth of defendant. (PJC 80.6)

Such punitive damages must serve as an instruction to these Defendants that they cannot escape responsibility for the consequences of their egregious and malicious conduct. Such damages should also serve as an instruction to others that the same or similar conduct in this community will not be tolerated. On information and belief, Defendants have withheld

disbursing Plaintiffs' recovery to Plaintiffs, at least in part, solely because Plaintiffs have notified the State Bar about Defendants' various breaches of the Disciplinary Rules.

Therefore, punitive or exemplary damages of at least four times the amount of actual damages are sought.

### F.    ATTORNEY'S FEES

Because of Defendants' violation of the DTPA and breach of contract, Plaintiffs are entitled to reasonable attorney's fees necessary to prosecute this action. Texas law recognizes that contingency fees can be reasonable and necessary under the circumstances. Under these circumstances, a reasonable attorney's fee of 40% of the entire recovery should be assessed against the Defendants.

## VII.  REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Tex. R. Civ. P., the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a) - (l).

## VIII. REQUESTS FOR PRODUCTION

Pursuant to Rule 196, T.R.C.P., each Defendant is requested to produce, within fifty (50) days of service of this request, the following documents: Defendant's original, unaltered file pertaining to Defendant's representation of Plaintiffs for the injuries and damages Plaintiffs suffered as a result of an automobile accident that occurred on July 3, 2012, including, but not limited to, correspondence, pleadings, attorney notes, research, email communications, case expense billing, fee contracts, etc.

NANCY VAUGHN EDWARDS, DARLENE VAUGHN KING AND JAMES BUSTER KING, JR.
v. THE BURNETT LAW FIRM PLLC AND BURT L. BURNETT, INDIVIDUALLY
PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURES
AND REQUESTS FOR PRODUCTION                                    PAGE 10 OF 11

## IX. PRAYER

WHEREFORE, Plaintiffs pray that after trial or hearing herein, that judgment be entered as prayed for, that costs of court be taxed against the Defendants, each jointly and severally, that Plaintiffs be awarded prejudgment as well as postjudgment interest, that Plaintiffs be granted treble damages, that Plaintiffs be awarded punitive damages, that Plaintiffs be granted attorney's fees and costs, and for such other and further relief, at law and in equity, to which Plaintiffs may show themselves to be justly entitled, to which the Court believes them to be deserving, and for which Plaintiffs will ever pray.

Respectfully submitted,

BRETT WAGNER (SBT: 20654270)
brett@dwlawyers.com
RYAN SMITH (SBT: 24063010)
ryan@dwlawyers.com
DOHERTY ✱ WAGNER
13810 Champion Forest Drive, Suite 225
Houston, Texas 77069
(281) 583-8700 — (281) 583-8701 (FAX)
ATTORNEYS FOR PLAINTIFFS